*618 OPINION OF THE COURT
Mark M. Meddaugh, J.
Plaintiff Midland Funding LLC doing business as in New York as Midland Funding of Delaware LLC, judgment creditor, in this action against defendant James Roberts, judgment debtor, objects to defendant’s March 22, 2012 exemption claim form and moves pursuant to CPLR 5222-a (d) for an order that the funds in Manufacturers & Traders Bank account No. xxxxxxxxxx, which is presently frozen by plaintiff’s CPLR 5222-a (b) (1) restraining notice, are not exempt from enforcement by plaintiff.
CPLR 5222-a was enacted as part of the Exempt Income Protection Act of 2008 (L 2008, ch 575 [EIPA]) to protect judgment debtors, who are generally unrepresented, from the loss of their exempt income to creditors seeking to enforce judgments by seizing the debtors’ bank accounts. EIPA establishes a special process that differs in very significant ways from the process by which the underlying judgments were obtained. Unlike the normal process, CPLR 5222-a is designed not only to protect judgment debtors, but to encourage even unrepresented judgment debtors who have previously defaulted to come forward to protect their exempt income.
Judgment creditors may only restrain an account if they follow the procedure set forth by CPLR 5222-a. Judgment creditors must notify a judgment debtor that the judgment debtor’s bank account has been restrained, advise the judgment debtor that certain income is exempt from execution, list the sources of income that are exempt, and provide the judgment debtor with an exemption claim form, which not only lists exempt sources of income but provides a simple explanation of the steps the judgment debtor should follow in order to claim any applicable exemptions.
Although plaintiff initially followed CPLR 5222-a’s procedural requirements and filed a timely objection after receiving defendant’s CPLR 5222-a exemption claim form, plaintiffs counsel has attempted to circumvent CPLR 5222-a’s protections of judgment debtors in ways calculated to suppress any response by defendant and to dissuade defendant from appearing and opposing plaintiffs motion. Given the injury that can be caused to judgment debtors when their exempt income is restrained, CPLR 5222-a provides for holding a hearing on short notice. Plaintiff’s counsel attempted to turn the short notice to plaintiffs advantage by giving the false impression that if de *619 fendant responded, defendant would bear the burden of establishing that the income was actually exempt.
Plaintiffs counsel’s statement that “the Defendant/judgment debtor . . . bears the burden of proving a claimed exemption” is simply incorrect. The cases that plaintiff cites predate EIPA and refer to other statutes. Consistent with EIPA’s goal of protecting judgment debtors from the seizure of exempt assets, CPLR 5222-a (d) provides that the exemption claim form by itself is prima facie evidence that the funds in a debtor’s account are exempt funds. Thus, once defendant filed the exemption claim form, plaintiff had the burden to demonstrate that the claimed exemptions are inapplicable.
Plaintiffs counsel also attempted to dissuade defendant from opposing the motion by incorrectly asserting that defendant failed to comply with CPLR 5222-a by failing to provide “[fin-formation demonstrating that the funds are exempt [including], but not limited to, originals or copies of benefit award letters, checks, check stubs or any other documents that disclose! ] the source of the judgment debtor’s income, and bank records showing the last two months of activity” in addition to the exemption claim form. While judgment debtors are encouraged to provide documentation supporting their exemption claim in order to speed up the process of unfreezing their money, CPLR 5222-a does not require judgment debtors to supply any supporting documents with their exemption claim form. Thus, a judgment debtor’s failure to submit any documents with their exemption claim form does not render the exemption claim form invalid or even suspect. In point of fact, defendant did submit some documents in support of his claim of exemption.
Plaintiff’s counsel is also incorrect in suggesting that this matter should be treated like a summary judgment motion and in attempting to dissuade the court from holding the hearing at which the pro se defendant may simply appear and explain his claims to exemption. Requiring pro se debtors to prepare affidavits and present paper proof in response to the boilerplate motion papers prepared by creditors’ counsel would put debtors at the same disadvantage when defending their exempt income as they have in other motions. Consistent with EIPA’s goal of offering special protection to judgment debtors’ exempt assets, CPLR 5222-a (d) specifically refers to holding a “hearing” and does not provide for generally resolving these proceedings on the papers.
The court encourages both plaintiff and defendant to bring to the hearing whatever witnesses and documents they have that *620 show that the money in defendant’s bank account came from exempt sources or is otherwise exempt from execution by plaintiff. The court encourages defendant to attend the hearing at the scheduled time, or to seek an adjournment from the court if he will be unable to attend the scheduled hearing. Although plaintiff continues to have the burden of proof at the hearing, defendant is warned that his unexcused failure to attend the hearing will serve as some basis for the court to grant plaintiffs motion.